IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH EARL WATSON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>L. LUNDY, Warden,<br><br>　　　　Respondent. | NO. CV 24-9794-MRA (AGR)<br><br>**ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED** |

　　　　Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner must show cause in writing, on or before **May 30, 2025**, why the court should not recommend dismissal of the Petition for Writ of Habeas Corpus for failure to state a cognizable claim for relief.

1

# I.

# **PROCEDURAL HISTORY**

The following procedural history is taken from available state court records. *See* Fed. R. Evid. 201; *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of state court docket).

In 1991, a Los Angeles County Superior Court jury found Petitioner guilty of first-degree felony murder, attempted second-degree robbery, and conspiracy to commit robbery in Case No. BA015290. *See People v. Watson*, 2022 WL 1766181, *1 (Cal. App. June 1, 2022). The jury also found true the felony-murder special circumstance alleged under former Cal. Penal Code § 190.2(a)(17). Petitioner was sentenced to life in prison without parole under former Cal. Penal Code § 190.2(a), plus a consecutive five-year term for the conspiracy count. *Id*. The judgment was affirmed on direct appeal in Case No. B060665. Petitioner did not file a petition for review. (*See* https://appellatecases.courtinfo.ca.gov.)

In April 2020, Petitioner filed a petition for resentencing under Cal. Penal Code § 1170.95 (now § 1172.6). *Watson*, 2022 WL 1766181, *1. The Superior Court appointed counsel and considered briefs from both sides. Following the hearing, the court denied resentencing. *Id*. On June 1, 2022, the California Court of Appeal affirmed. *Id.* Petitioner did not file a petition for review in the California Supreme Court.

Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") in this court on November 8, 2024. (Dkt. No. 1.)[1]

## II.

## **DISCUSSION**

The Petition does not enumerate any grounds for relief or contain any arguments. (Petition at 5-7.) The Petition attaches a copy of a habeas petition addressed to the Los Angeles County Superior Court dated October 23, 2024, which requests resentencing under California Senate Bill 94. (*Id*. at 9-14.) The Petition also includes copies of the text of several California Senate Bills and a page of Petitioner's medical records. (*Id*. at 15-26.)

Out of an abundance of caution, the court construes the Petition as asserting two grounds for relief. In Ground One, Petitioner challenges the denial of resentencing under § 1172.6. In Ground Two, Petitioner seeks resentencing under Senate Bill 94.

**A. State Law Overview**

**1. Resentencing Under Section 1172.6**

Effective January 1, 2019, Senate Bill 1437 amended the felony murder rule and the natural and probable consequences doctrine as it relates to murder "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying

---

[1] The court cites the page numbers assigned by CM/ECF in the header of the document.

3

felony who acted with reckless indifference to human life." *People v. Lewis*, 11 Cal. 5th 952, 959 (2021).

"Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought." *People v. Gentile*, 10 Cal. 5th 830, 848 (2020). Under California law, murder is "the unlawful killing of a human being with malice aforethought." Cal. Penal Code § 187(a). Malice may be express or implied. Cal. Penal Code § 188(a). Malice "is express when there is a manifest intent to kill (§ 188, subd. (a)(1)); it is implied if someone kills with 'no considerable provocation . . . or when the circumstances attending the killing show an abandoned and malignant heart.' (§ 188, subd. (a)(2))." *Gentile*, 10 Cal. 5th at 844. The intent to kill may be "inferred from the defendant's acts and the circumstances of the crime." *People v. Smith*, 37 Cal. 4th 733, 741 (2005).

On a petition for resentencing, the prosecution bears the burden of proving, beyond a reasonable doubt, that the petitioner is guilty of murder under California law as amended by Senate Bill 1437. Cal. Penal Code § 1172.6(d)(3). The court considers the evidence admitted at trial that is admissible under current law, as well as any new or additional evidence offered by either side. *Id*.

At the hearing on the petition for resentencing, the Superior Court stated that it had reviewed the appellate opinion and the jury instructions, announced a tentative ruling, and heard the argument from both parties. *Watson*, 2022 WL 1766181, *1. The court denied the petition, finding that the prosecutor met his

burden to prove beyond a reasonable doubt that Petitioner was guilty of murder under existing law as an aider and abettor with the specific intent to kill. *Id*. On appeal, the appointed counsel submitted a *Wende*[2] brief and Petitioner did not submit a supplemental brief despite being given the opportunity to do so. *Id*. at 2. The California Court of Appeal affirmed the denial of resentencing, noting that it had "independently examined the entire record" and was satisfied that no arguable issues exist. *Id*. Petitioner did not file a petition for review before the California Supreme Court.

**2. Senate Bill 94**

Petitioner incorporates a petition addressed to the Superior Court that seeks relief under Senate Bill 94. (Petition at 9-14.)[3] Petitioner contends that Senate Bill 94 "took effect on January 18, 2023" and "enacted [Cal.] Penal Code section 1172.5," which allows individuals sentenced to life without the possibility of parole to petition the court for recall of sentence and resentencing under specified circumstances. (Petition at 9.)

Senate Bill 94 was introduced on January 18, 2023, and sought to add section 1172.5 to the California Penal Code to allow for a recall of life without the possibility of parole sentences under certain enumerated conditions. (*See* https://legiscan.com/CA/bill/SB94/2023.) The bill died in the committee and was

---

[2] *People v. Wende*, 25 Cal. 3d 436 (1979).

[3] The publicly available docket for Superior Court Case No. BA015290 does not reflect that this petition was ever lodged or filed with the court.

1  thus never enacted into law. Accordingly, Cal. Penal Code section 1172.5 does
2  not exist. (*See* https://legiscan.com/gaits/citation/760633.)

**B.  <u>Exhaustion</u>**

Federal habeas relief is generally not available unless the petitioner has first exhausted his state remedies. *See Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). A habeas petition brought by a person in state custody cannot be granted "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

To exhaust state remedies, a petitioner must fairly present his contentions to the California Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).

The Petition does not state that Petitioner has ever presented his grounds for relief before the California Supreme Court. (*See* Petition at 5-7.) According to the California Appellate Courts Case database, only two matters associated with a name matching Petitioner's have been filed in California Supreme Court. Both preceded the filing of the petition for resentencing under § 1172.6 and the petition seeking relief under SB 94. (*See* https://appellatecases.courtinfo.ca.gov.)[4] Thus, the Petition appears to be wholly unexhausted.

---

[4] According to the California Appellate Case database, a petitioner named Kenneth Watson unsuccessfully sought habeas relief in the California Supreme Court in 1996 (Case No. S051970). A different Kenneth E. Watson unsuccessfully sought habeas relief in 2019 in Case No. S257848. (*Id*.)

### C. <u>Cognizability</u>

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Relief is not available for errors in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Both potential bases for relief discernable from the Petition concern the application of state sentencing laws.

Whether a petitioner is eligible for or entitled to resentencing under Cal. Penal Code § 1172.6 (formerly § 1170.95) is an issue of state law and does not give rise to a claim cognizable on federal habeas review. *See Bowen v. Samuels*, 2024 U.S. Dist. LEXIS 53056, *2-*3 (N.D. Cal. Mar. 25, 2024) ("Whether [petitioner] is entitled to resentencing under § 1170.95 is a question of state law and is not cognizable on federal habeas review."); *Walker v. Cal. Sup. Ct.*, 2022 U.S. Dist. LEXIS 191025, *4-*5 (C.D. Cal. Sept. 13, 2022) (same); *Mays v. Montgomery*, 2021 WL 2229082, at *3 (C.D. Cal. Apr. 22, 2021) (collecting cases), *accepted by* 2021 WL 2223276 (C.D. Cal. June 1, 2021); *Cole v. Sullivan*, 480 F. Supp. 3d 1089, 1097 (C.D. Cal. 2020) (collecting cases).

The California Court of Appeal agreed with the Superior Court's determination that Petitioner was not eligible for resentencing because the prosecution proved beyond a reasonable doubt that he was guilty of murder under existing law as an aider and abettor with the specific intent to kill. Federal

|   |   |
|---|---|
| 1 | habeas review does not permit this court to second-guess a state court's |
| 2 | determination regarding Petitioner's eligibility for resentencing. *See, e.g.*, *Walker* |
| 3 | *v. Cal. Supreme Ct.*, No. CV 22-4638-CAS-E, 2022 WL 11337927, *2 (C.D. Cal. |

habeas review does not permit this court to second-guess a state court's determination regarding Petitioner's eligibility for resentencing. *See, e.g.*, *Walker v. Cal. Supreme Ct.*, No. CV 22-4638-CAS-E, 2022 WL 11337927, *2 (C.D. Cal. Sept. 13, 2022) (collecting cases), *recommendation accepted by* 2022 WL 11269388 (C.D. Cal. Oct. 13, 2022); *see also Mays v. Cates*, 2023 U.S. App. LEXIS 12383, *1-*2 (9th Cir. May 19, 2023) (denying certificate of appealability for § 1172.6 claim as not cognizable on federal habeas review); *Prado v. Williams*, 2025 U.S. Dist. LEXIS 50717, *4-*5 (E.D. Cal. Mar. 19, 2025), *accepted by*, 2025 U.S. Dist. LEXIS 82362, *1-*2 (E.D. Cal. Apr. 30, 2025) (dismissing § 1172.6 ground for relief for failure to state cognizable habeas claim).

Petitioner does not invoke any federal basis for relief. "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *Sturm v. California Adult Authority*, 395 F.2d 446, 448 (9th Cir. 1967) ("state court's interpretation of its [sentencing] statute does not raise a federal question"). Petitioner does not allege that any fundamental unfairness occurred based on the state court's exercise of discretion regarding, or application of, state sentencing laws.

With respect to SB 94, there cannot be a potentially cognizable claim based on a bill that was never enacted. *See United States v. Valero-Torres*, Nos. CV 11-0712-TUC-DCB, CR 11-2364-TUC-DCB, 2012 WL 12882713, *1 (D. Ariz.

January 20, 2012) (when movant seeks relief under bill that was never enacted, the "motion has no arguable basis in fact or in law").

### III.

### **ORDER**

Therefore, the court orders Petitioner to show cause in writing, on or before ***May 30, 2025***, why the court should not recommend dismissal of the Petition for Writ of Habeas Corpus for failure to state a cognizable claim. If Petitioner does not respond to this Order to Show Cause, the court will recommend that the District Court dismiss the Petition with prejudice.

DATED: May 1, 2025

ALICIA G. ROSENBERG
United States Magistrate Judge